By the Court, Bronson, J.
When the plaintiff does not go beyond the words laid in the declaration, I see no reason why he may not show that those words have been spoken on a dozen different occasions, although there may be but one count in the declaration. If the defendant has told twenty persons, at as many different times, that the plaintiff is a thief, it cannot be necessary to insert twenty counts, precisely alike, for the purpose of enabling the plaintiff to prove all the conversations. Allowing the proof, can work no injury to the defendant. He is advised by the declaration what words the plaintiff intends to give in evidence; and whether all the different occasions of speaking them are proved or not, the judgment will be a bar to another action. In Defries v. Davis, (7 Car. & Payne, 112,) Chief Justice Tindal said, he would receive evidence of a repetition of the same words, though he would not allow the plaintiff to prove any words which might be the subject of another action. The declaration in that case contained but a single count. The practice at the circuits in this state has been to admit evidence of a repetition of the same words, without any reference to the number of counts in the declaration; and there is no sound principle upon which it can be rejected.
But very different considerations arise when we come to actionable words which are not laid in the decalration. To admit the proof of such words must be a surprise upon the defendant. 'It cannot be supposed that he will be prepared to try a matter of which the plaintiff has not complained. That is not all. If the plaintiff may prove the words, the défendant may justify as to those words ; and thus the court and jury will be led off from the point in controversy as presented by the pleadings, into the trial of an indefinite number of collateral issues. But what is still worse, the plaintiff will be allowed to recover damages for an injury, when the recovery will not be a bar to another action for the same cause. I know it is said, that the judge must tell the jury not to give damages for the words which are not laid in the declaration. But suppose he does give that instruction, every body knows that it will have little or no effect. However honestly the jury may intend to follow *520 the guidance of the court, it requires but a moderate acquaintance with the operations of the human mind to see that they will be misled by the introduction of such evidence. If after proving the words laid, imputing larceny, the plaintiff is allowed to prove other words imputing robbery or murder, it is past all doubt that the latter words, whatever the judge may say to the contrary, will influence the jury in fixing the quantum of- damage. This has been admitted by those who have received such evidence. To tell the jury at one moment that the evidence is proper, and at the next, that -they must disregard it, involves a contradiction; and if the jury is composed of sensible men, they will either think lightly of the law, or of those who administer it. But whatever they may think, they will give damages for the words not laid; and thus the defendant may suffer a double punishment for the same fault.
It is said, that the proof is admissible to show the defendant’s malice in speaking the words laid. But if those words are defamatory, malice is implied, and no extrinsic evidence of its existence can be necessary. And if the words laid are not defamatory, proof of express malice will not make them so. The only case where extrinsic evidence of malice can be necessary js, where the occasion of speaking the words shows that they are prima facie excusable; as in giving confidential advice, answering to inquiries concerning the character of a servant, or making some other privileged communication. .
• The English cases upon this subject are collected in 2 Phill. Ev. 245-7, ed. of ’39. They are all nisi prius decisions, and are not sufficiently uniform to give them much weight in point of authority. The most recent cases show that the judges are disposed to stand on the ground of principle, and try nothing but the issue which the parties have made by their pleadings. In Finnerty v. Tipper, (2 Camp. 72,) which was an action for a libel, Sir James Mansfield, O. J., would not permit the plaintiff to read other libels for the purpose of proving malice, unless they expressly referred to the one on which the action was founded. The' plaintiff’s counsel pressed the point, saying that the other publications were not offered as part of the present ac *521 tion, nor to aggravate the damages. But the judge adhered to his opinion, and said the necessary consequence of admitting the evidence would be, that the jury would give damages for the second libel in an action for the first. In Stuart v. Lovell, (2 Stark. R. 90,) Lord Ellenborough rejected evidence of subsequent publications. He said they would be admissible to show the intention of the defendant, if it were at all equivocal: but not for the purpose of enhancing the damages. Defries v. Davis, (7 Car. & Payne, 112,) which is the last case on the subject I have seen, was an action for verbal slander; and the plaintiff proposed to prove other words, subsequently spoken. Tindal, C. J., told the counsel they might show any thing that was evidence of malice ; but must not show any thing that might be the subject of another action. There can be no good reason for allowing other words to be given in evidence, unless they are necessary to explain or give point to those on which the action is founded.
This court has paid too much deference to the early nisi prius decisions in England. -In Thomas v. Croswell, (7 John. 264) which was an action for a libel, the plaintiff was allowed to give in evidence other publications by the defendant to show malice ; and a new trial was denied. But Spencer J., who delivered the opinion of the court, said it had not been objected that those publications were libellous. He added, that it would be incorrect to suffer distinct libellous matter to be given in evidence ; for though the judge might instruct the jury not to give damages for such libels, yet it would imperceptibly influence their judgments as to the damages, and thus the defendant might be twice punished for the same offence. In Inman v. Foster, (8 Wend. 602,) the plaintiff was allowed to prove other slanderous words, on the ground that the statute of limitations had run as to those words. That was less objectionable than to allow the proof where, as in this case, the statute had not run, and an action might still be brought. And yet it was wrong in point of principle to admit the evidence. It was indirectly giving the plaintiff the benefit of an action which he had lost; for no one will deny that the jury would give dam *522 ages for the old slander, as well as for that charged in the declaration. It will he apparent, on reading the case, that the late chief justice went against the convictions of his own judgment, feeling himself bound by the early nisi prius cases, which are no longer regarded as good law in England.
At the most we are only committed to this extent: In actions for libel, the plaintiff may give in evidence other publications which are not libellous; and in actions for verbal slander, the plaintiff may prove other slanderous words where the statute of limitations has run as to those words. Whether these two cases ought to be followed, we are not now called upon to say. But clearly we ought not to go a single step beyond what has already been decided. In this case, the statute of limitations had not run upon any of the slanderous words which the plaintiff was allowed to prove.
' The charge was clearly wrong. The jury was told that the slanderous words not laid in the declaration were proper to be considered for the.purpose of enhancing the damages. The instruction should have been directly the other way. All the judges who have held such evidence admissible, have held also that the jury should be instructed not to give damages for the words not laid in the declaration.
There are other difficulties in the case; but they may, perhaps, be obviated on another trial.
New trial granted.